# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| GREGORY PERRY, | : |
| Plaintiff, | : Civ. No. 18-11224 (KM) (MAH) |
| v. | : |
| JAMES T. PLOUSIS et al., | : **MEMORANDUM AND ORDER** |
| Defendants. | : |

### KEVIN MCNULTY, U.S.D.J.

Plaintiff pro se, Gregory Perry, a state prisoner presently residing at Delaney Hall in Newark, New Jersey, seeks to commence a civil rights action under 42 U.S.C. § 1983. Mr. Perry alleges that staff members of the reentry program in which he is participating retaliated against him for filing a grievance by unlawfully searching his living space, which resulted in the confiscation of $400 and a punitive program assignment for breaking rules regarding possession of currency. (ECF No. 1 ¶¶ 8–13.) Mr. Perry's complaint includes claims against the chairperson of the New Jersey State Parole Board, as well as various staff members of the reentry program, for retaliation, unlawful search and seizure, and due-process violations. (*Id.* ¶¶ 19–24.)

Together with his complaint, Mr. Perry filed a motion for a temporary restraining order. (ECF No. 2.) The sole thrust of this motion is Mr. Perry's statement that "[t]he individual and collective defendants have exhibited a heightened disdain and indifference to plaintiff's civil and constitutional rights[;] it is necessary for this Court to enter a temporary restraining order enjoining defendants from retaliating against him." (*Id.* ¶ 3.) Mr. Perry also asks for the appointment of pro bono counsel to represent him in this action. (*Id.* ¶ 5.)

To justify the extraordinary relief of a preliminary injunction, a plaintiff must demonstrate (1) a likelihood of success on the merits, (2) that denial would cause irreparable harm to the plaintiff, (3) that granting the injunction would not cause irreparable harm to the defendant, and (4) that the injunction would be in the public interest. *See Maldonado v. Houston*, 157 F.3d 179, 184 (3d Cir. 1988). The same standard applies to temporary restraining orders. *See Ballas v. Tedesco*, 41 F. Supp. 2d 531, 537 (D.N.J. 1999). A plaintiff must show that all four factors weigh in favor of an injunction or temporary restraining order. *See Opticians Ass'n of Am. v. Indep. Opticians of Am.*, 920 F.2d 187, 192 (3d Cir. 1990). Such preliminary relief is an "extraordinary remedy, which should be granted only in limited circumstances." *Ferring Pharm., Inc. v. Watson Pharm., Inc.*, 765 F.3d 205, 210 (3d Cir. 2014) (internal quotation marks omitted).

Here, Mr. Perry has not met his burden to demonstrate that a temporary restraining order is warranted. In particular, he has not shown that he will suffer irreparable harm in the absence of a temporary restraining order. His sole assertion in this regard is that the defendants have disregarded his civil rights and that Mr. Perry wants an injunction barring them from doing so in the future. (*See* ECF No. 2 ¶ 3.) It is not clear what type of harm Mr. Perry anticipates may occur without an injunction, must less that it would likely be irreparable. Accordingly, the temporary restraining order will be denied.[1]

Additionally, a civil complaint must generally include either a $400.00 fee (a $350.00 filing fee plus a $50.00 administrative fee) or an application to proceed *in forma pauperis*. 28 U.S.C. §§ 1914(a), 1915(a). Mr. Perry's complaint includes neither. Accordingly, the Clerk of

---

[1] It should apparent, of course, that the denial of Mr. Perry's motion for a temporary restraining order should not be construed as permission for defendants to retaliate against him; rather, it reflects the lack of any factual showing that they are likely to do so.

2

the Court will be ordered to administratively close the case. Mr. Perry may reopen this action by either paying the filing fee or submitting a complete *in forma pauperis* application.

Mr. Perry's request for appointment of pro bono counsel will also be denied at this time. A finding of potential merit of the applicant's claims is a threshold determination that for considering appointment of pro bono counsel. *See Prudential Ins. Co. of Am. v. Dobson*, No. 08-3951, 2009 WL 115966, at *2 (D.N.J. Jan. 16, 2009); *Protameen Chems., Inc. v. Chinchilla*, No. 05-3383, 2007 WL 174163, at *1 (D.N.J. Jan. 22, 2007). As the case is being administratively terminated, there are presently no active, potentially meritorious claims.

Therefore, IT IS this 2d day of July 2018

ORDERED that Plaintiff's motion for a temporary restraining order is DENIED; and it is further

ORDERED that Plaintiff's motion for appointment of pro bono counsel is DENIED WITHOUT PREJUDICE; and it is further

ORDERED that the Clerk of the Court shall administratively terminate this case; and it is further

ORDERED that, if petitioner wishes to reopen this case, he shall so notify the Court, in writing addressed to the Clerk of the Court, Martin Luther King Jr. Federal Building and U.S. Courthouse, 50 Walnut Street, Newark, New Jersey, 07101; petitioner's writing shall include either the $400.00 filing fee or a complete application to proceed *in forma pauperis*; and it is further

ORDERED that, upon receipt of a writing from petitioner stating that he wishes to reopen this case and either the filing fee or a complete application to proceed *in forma pauperis*, the Clerk of the Court will be directed to reopen this case; and it is finally

ORDERED that the Clerk shall serve upon petitioner by regular U.S. mail (1) a copy of this Memorandum and Order and (2) a blank form Application to Proceed in Forma Pauperis in a Civil Rights Case, Form DNJ-ProSe-007-A-(Rev.05/2013).

KEVIN MCNULTY
United States District Judge