UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

Chambers of
**Michael A. Hammer**
United States Magistrate Judge

Martin Luther King Jr. Federal
Bldg. & U.S. Courthouse
50 Walnut Street, Room 2042
Newark, NJ 07102
(973) 776-7858

December 2, 2020

To:    Gregory Perry
       1720 RIVER ROAD
       2ND FLOOR
       TEANECK, NJ 07666

       All counsel of record

## LETTER OPINION AND ORDER

RE:    **Perry v. Plousis, et al.**
         **Civil Action No. 18-11224 (KM)(MAH)**

Dear Litigants:

Presently before the Court is Plaintiff's fifth motion for pro bono counsel pursuant to 28 U.S.C. § 1915(e)(1) [D.E. 53]. For the reasons set forth below, Plaintiff's motion is denied.

### Background

Plaintiff claims that on January 30, 2018 he was paroled from the New Jersey Department of Corrections and directed to serve 180 days in the "Re-Entry Substance Abuse Program" at Delaney Hall in Newark. Amd. Compl., Oct. 12, 2018, D.E. 9, at 2. He alleges that while participating in the program Defendants retaliated against him for filing "good-faith grievances." Id. at 10. He also asserts that his personal property was searched in violation of his right to privacy. Id. at 10. Finally, Plaintiff contends that Defendants' collective actions have deprived him of the right to both procedural and substantive due process under the Fourteenth Amended. Id. at 10-11.

Plaintiff filed his first request for the appointment of pro bono counsel along with his initial Complaint. Mot. to Appoint Pro Bono, June 29, 2018, D.E. 2. The Court denied that motion at the same time it dismissed Plaintiff's Complaint for failure to move for in pauperis status or pay the filing fee. Memorandum and Order, July 2, 2018, D.E. 3. On October 12, 2018, Plaintiff filed both an Amended Complaint, along with an in forma pauperis application, and a renewed motion for the appointment of pro bono counsel. Am. Compl., D.E. 9; Mot. to Appoint Pro Bono Counsel, D.E. 10. The Undersigned denied Plaintiff's motion for the appointment of counsel on October 25, 2018 because Plaintiff failed to include a brief explaining how he qualified for the appointment

of pro bono counsel. Order, Oct. 25, 2018, D.E. 13. Plaintiff filed a third motion to appoint pro bono counsel on October 29, 2018. Mot. to Appoint Pro Bono, Oct. 29, 2018, D.E. 14. On November 13, 2018, this Court once again denied Plaintiff's motion, this time finding that a balancing of the Tabron factors did not weigh in favor of appointing Plaintiff counsel. Letter Opinion and Order, D.E. 16. Plaintiff filed his fourth motion for the appointment of pro bono counsel on April 9, 2020. Mot. to Appoint Pro Bono Counsel, D.E. 47. This Court denied that motion because Plaintiff failed to include a brief or set forth any explanation why counsel should be appointed for him. Order, July 17, 2020, D.E. 48. Plaintiff now files his fifth attempt for the appointment of pro bono counsel. Mot. to Appoint Pro Bono Counsel, Oct. 29, 2020, D.E. 53.

On April 17, 2020, Defendants filed a motion to dismiss Plaintiff's Amended Complaint, which the District Court granted on November 30, 2020. Opinion & Order, D.E. 55 & 56. In the Order, Judge McNulty provided Plaintiff with 30 days to file a proposed amended complaint. *Id.* While there is currently no operable Complaint before the Court, this Court nevertheless entertains Plaintiff's motion to appoint pro bono counsel so that Plaintiff knows whether he should attempt to file a proposed amended complaint on his own. For the reasons set forth herein, Plaintiff's motion will be denied.

**Discussion**

In civil cases, neither the Constitution nor any statute gives civil litigants the right to appointed counsel. Parham v. Johnson, 126 F.3d 454, 456-57 (3d Cir. 1997). District courts, however, have broad discretion to determine whether appointment of counsel is appropriate under 28 U.S.C. § 1915(e). Montgomery v. Pinchack, 294 F.3d 492, 498 (3d Cir. 2002) (citing Tabron v. Grace, 6 F.3d 147, 153 (3d Cir. 1993)). Appointment of counsel may be made at any point in the litigation, including *sua sponte* by the Court. Montgomery, 294 F.3d at 498 (citing Tabron, 6 F.3d at 156).

In the Third Circuit, a court considers the framework established in Tabron. Montgomery, 294 F.3d at 498-99. Under the Tabron framework, the Court must first assess "whether the claimant's case has some arguable merit in fact and law." Montgomery, 294 F.3d at 499 (citing Tabron, 6 F.3d at 155). If the applicant's claim has some merit, the Court considers the following factors:

> (1) the plaintiff's ability to present his or her own case;
> (2) the complexity of the legal issues;
> (3) the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue such investigation;
> (4) the amount a case is likely to turn on credibility determinations;
> (5) whether the case will require the testimony of expert witnesses;
> (6) whether the plaintiff can attain and afford counsel on his own behalf.

Parham, 126 F.3d at 457-58 (citing Tabron, 6 F.3d at 155-56, 157 n.5). This list is not exhaustive but provides guideposts for the Court. Montgomery, 294 F.3d at 499 (citing Parham, 126 F.3d at 457). A court's decision to appoint counsel "must be made on a case-by-case basis."

2

Tabron, 6 F.3d at 157-58.  Also, the Court of Appeals for the Third Circuit has stated that "courts should exercise care in appointing counsel because volunteer lawyer time is a precious commodity and should not be wasted on frivolous cases."  Montgomery, 294 294 F.3d at 499 (Parham, 126 F.3d at 458).

      Here, with respect to the first Tabron prong, because the District Court dismissed Plaintiff's Amended Complaint and there is currently no operative complaint, the Court can assume that Plaintiff's claim does not have merit.  While the Court's inquiry under Tabron could end there, the Court nonetheless will proceed to  consideration of the Tabron factors because if appointment of pro bono counsel is warranted it would be most helpful now before Plaintiff's Second Amended Complaint is due.  Having considered the Tabron factors, the Court finds that appointment of counsel is not warranted at this time.

      First, Plaintiff appears to be able to present his case.  When considering ability to present a case, courts generally consider a Plaintiff's "education, literacy, prior work experience, and prior litigation experience."  Tabron, 6 F.3d at 156.  Based upon the present record, Plaintiff has demonstrated a basic understanding of the legal foundation for his allegations. For example, while Plaintiff's Amended Complaint did not pass muster on a motion to dismiss, Plaintiff exhibits sufficient awareness of the issues to present his case. Moreover, Plaintiff has demonstrated that he is an eager and involved litigator, having filed an Amended Complaint, no fewer than five motions for the appointment of pro bono counsel, and a proposed discovery plan.  Here, Plaintiff's ability to effectively represent himself weighs against the appointment of counsel.

      Second, Plaintiff's claim does not involve complex legal issues.  Complexity supports appointment "where the law is not clear, [as] it will often best serve the ends of justice to have both sides of a difficult legal issue presented by those trained in legal analysis."  Tabron, 6 F.3d at 156 (quoting Macklin v. Freake, 650 F.2d 885, 889 (7th Cir. 1981)); accord Montgomery, 294 F.3d at 502.  Courts also consider "the proof going towards the ultimate issue and the discovery issues involved."  Parham, 126 F.3d at 459; see also Montgomery, 294 F.3d at 502-03 (finding appointment appropriate when, despite simple legal issues, discovery and presentation difficulties compromised Plaintiff's case).  Appointment of counsel is not warranted here because the factual and legal issues involved in the case are not complicated.  While Plaintiff claims that this case involves complex legal issues because the various Defendants were employed by separate and distinct half-way houses, the Court fails to see, and Plaintiff fails to explain,  how this fact creates complex legal issues.  Cases, such as this, normally involve defendants employed by varying agencies with different levels of liability.  Proper discovery requests should assist Plaintiff with his concerns regarding different employers and liability.  Plaintiff has demonstrated knowledge of the discovery techniques used in litigation as he indicates in his proposed discovery plan that he will need to issue interrogatories, requests for admissions, and requests for documents and conduct depositions in order to have meaningful settlement talks.  See Discovery Plan, June 8, 2020, D.E. 45.  Accordingly, the second Tabron factor weighs against the Plaintiff because it does not appear that his claims present complex legal issues.

Third, there is no indication that Plaintiff lacks the ability to conduct a factual investigation without the assistance of counsel. Nothing suggests that discovery in this case would be complicated or unduly burdensome. The claims appear to involve a relatively discreet set of facts, many of which Plaintiff presumably has personal knowledge, or at a minimum, is equipped to investigate. If this case proceeds, Plaintiff will have access to the discovery tools in the Federal Rules of Civil Procedure to investigate his claims as well as any defenses or counterclaims. See Fed. R. Civ. P. 26. In order to pursue his claims, it does not appear that discovery requests would impose any unreasonable burden on Plaintiff. Plaintiff would be able to request documentation and depositions from the Defendants without a great cost to himself. Moreover, as indicated above in the second factor, Plaintiff has demonstrated an understanding of how the various discovery tools will assist him. Thus, the third Tabron factor weighs against the appointment of counsel.

Fourth, it is premature for the Court to conclude that this case will turn on credibility determinations. Because "it is difficult to imagine" a case where credibility is not important, the United States Court of Appeals for the Third Circuit has specified that "when considering this factor, courts should determine whether the case [is] solely a swearing contest." Parham, 126 F.3d at 460. At this early stage of the litigation, the extent to which this case will rest on credibility determinations is not yet apparent. Accordingly, this factor militates neither in favor of nor against appointing counsel.

Fifth, there is no indication that any expert testimony will be required at trial. Plaintiff's allegations of Defendants' violations of his constitutional rights would be understandable to a lay person without the need for expert assistance. See, e.g., Montgomery, 294 F.3d at 504 (holding "expert testimony is necessary when the seriousness of the injury or illness would not be apparent to a lay person."). Thus, the fifth Tabron factor does not favor appointment.

Sixth, Plaintiff's inability to afford counsel alone is an insufficient reason to appoint counsel. Here, Plaintiff moved for in forma pauperis status, which was granted on October 16, 2018. Order, Oct. 16, 2018, D.E. 11. Nonetheless, indigency alone does not warrant the appointment of counsel absent satisfying the other Tabron factors. Finally, Plaintiff has not stated an inability to retain counsel on his own. The failure to provide any evidence of his efforts to obtain counsel weighs against appointment of counsel at this time.

This record does not meet most of the Tabron factors, and, therefore, the Court finds that appointment of pro bono counsel is inappropriate at this time. Cf. Parham, 126 F.3d at 461 (finding appointment appropriate where most factors are met). For all the reasons set forth above, the Court denies Plaintiff's motion for the appointment of pro bono counsel without prejudice.

## Conclusion

A balancing of the factors set forth above does not weigh in favor of granting Plaintiff's request for counsel at this time. Therefore, Plaintiff's motion of the appointment of pro bono counsel [D.E. 53] is denied without prejudice.

So Ordered,

*/s Michael A. Hammer*
**UNITED STATES MAGISTRATE JUDGE**